UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREMONT INVESTMENT & LOAN COMPANY,

    Plaintiff,

v.                                  Case No: 2:16-cv-740-FtM-99CM

SANDIE BEDASEE, THE UNKNOWN SPOUSE OF SANDIE BEDASEE, OWEN BADESEE, THE UNKNOWN SPOUSE OF OWEN BADESEE, ANY UNKNOWN SPOUSE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., UNKNOWNTENANT #1 and UNKNOWN TENANT #2,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court *sua sponte* on Notice of Removal filed by Defendant Owen Bedasee only ("Bedasee") on September 30, 2016 (Doc. #1). Bedasee, proceeding *pro se*, removed to this Court a mortgage foreclosure action that Plaintiff Fremont Investment & Loan Company initiated in the Twentieth Judicial Circuit in and for Collier County, Florida. (Doc. #1; Doc. #2). For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over this case and remands to the state court.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

On August 16, 2005, Bedasee, and Sandie Bedasee, secured a $444,000 mortgage from Plaintiff to purchase real property in Naples, Florida. Approximately two years later, they defaulted on the mortgage. (Doc. #2 at ¶ 6). Plaintiff then initiated this foreclosure suit on February 22, 2008. (Doc. #1-1 at 1). Within four months, the state court granted summary judgment in Plaintiff's favor, entered final judgment of foreclosure, and scheduled the foreclosure sale. The sale took place on June 10, 2009, and Plaintiff filed a Certificate of Sale the same day. (Doc. #1-1).

Since the foreclosure, Bedasee, and/or Sandie Bedasee, have been challenging the judgment. They appealed several times to the Florida Second District Court of Appeal and Florida Supreme Court to no avail. They also filed numerous claims in this Court challenging the foreclosure in one way or another.[2] This instant removal is the latest installment in Bedasee's quest to defeat the foreclosure judgment, which have been rejected.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). A federal court is thus "'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)). That obligation applies equally in removal cases. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th

---

[2] *See Fremont Investment & Loan v. Bedasee*, No. 2:16-cv-268-FtM-38MRM (M.D. Fla. Apr. 22, 2016); *Bedasee v. Fremont Investment & Loan Co., et al.*, No. 2:16-cv-145-FtM-29MRM (M.D. Fla. Feb. 19, 2016); *Fremont Investment & Loan v. Bedasee*, No. 2:15-cv-501-FtM-29MRM (M.D. Fla. Aug. 20, 2015); *Bedasse v. Fremont Investment & Loan*, No. 2:09-cv-111-FtM-29SPC (M.D. Fla. Feb. 23, 2009).

Cir. 2004) ("This court has joined its sister circuits in holding that based on the language of § 1447(c) the district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction.").

Courts strictly construe the statutory right of removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). So when a federal court's jurisdiction is doubtful, any doubts are resolved in favor of remand. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing parties bear the burden of demonstrating the propriety of removal. *See Williams v. Best Buy Co., Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *See id.* at 1321.

The procedures for removing a case to federal court are outlined in 28 U.S.C. § 1446(b)(1). That section provides,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* If the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3).

## DISCUSSION

Liberally construing the Notice of Removal, Bedasee appears to assert constitutional challenges to an unspecified Florida "statutory scheme" governing foreclosure proceedings. (Doc. #1). Bedasee states the basis for subject matter jurisdiction in the Civil Cover Sheet (Doc. #1-2) and the Notice of Removal (Doc. #1) as federal question jurisdiction under 28 U.S.C. § 1331, asserting that the underlying state court proceeding violated his due process, equal protection, and civil rights.[3]

District courts have "original jurisdiction of all civil cases *arising under* the Constitution, laws, or treaties of the United States." *Id.* (emphasis added). "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). That rule "provides that whether a case 'arises under' federal law must be determined from what necessarily appears in the plaintiff's statement of his own claim[.]" *Id.* (citation omitted). In other words, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.;" *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in original)).

Here, it is undisputed that the Complaint does not assert any claim arising under federal law. (Doc. #2). Nor has Plaintiff filed any amended pleading that presents a federal question. (Doc. #2). To the extent Bedasee considers his constitutional challenges to be counterclaims, that strategy is flawed because a counterclaim cannot serve as the basis for removal. *See id.* (stating "a counterclaim—which appears as part

---

[3] The Court reads no allegations of citizenship in the Notice of Removal, and thus it finds no assertion of removal based on diversity of citizenship under 28 U.S.C. § 1332.

of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." (citations omitted)).

In addition, removing this case nearly seven years after the entry of the final judgment of foreclosure is untimely. "Although untimeliness is a procedural defect that may not subject a complaint to *sua sponte* remand, the Court is nonetheless without jurisdiction to proceed, even if removal were timely (which is not the case)." *HSBC Bank USA, N.A. v. Anderson*, No. 6:12-CV-1309-ORL-22, 2012 WL 4896686, at *3 (M.D. Fla. 2012) *report and recommendation adopted*, 2012 WL 4899680 (M.D. Fla. 2012). Further, Bedasee did not obtain the consent of all defendants for the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

What is more, the Florida state court has already entered a final judgment against Bedasee, and this Court has no jurisdiction to relieve them from that judgment. Bedasee cannot challenge the state court's final decision in the foreclosure proceeding without running afoul of the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision. *See Nicholson v. Shafe,* 558 F.3d 1266, 1270-72 (11th Cir. 2009). The doctrine divorces federal courts from reviewing "state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Nivia v. Nation Star Mortg., LLC,* 620 F. App'x 822, 824 (11th Cir. 2015); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S.

280, 284 (2005) (stating a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  As such, removal in this case is unavailable.

Finally, this Court's Order should not come as a surprise to Bedasee.  In the past two years, he has filed nearly identical notices of removal in an attempt to challenge the underlying mortgage foreclosure action on constitutional grounds.  *See Fremont Investment & Loan v. Bedasee*, No. 2:16-cv-268-FtM-38MRM (M.D. Fla. Apr. 22, 2016); *Fremont Investment & Loan Co. v. Bedasee*, No. 2:15-cv-501-FtM-29MRM (M.D. Fla. Aug. 20, 2015).  The district court in those case remanded for lack of subject matter jurisdiction.  Consequently, Bedasee is trying for another bite at the apple in the instant removal, but yet again fares no better.

In sum, because the Court is devoid of subject matter jurisdiction, it remands this case to the Florida state court.

Accordingly, it is now

**ORDERED:**

(1) This case is **DISMISSED** for lack of subject matter jurisdiction and **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida.

(2) The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

(3) The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of October, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record